**UNITED STATES COURT OF APPEALS**
**Filed 4/16/96**
**TENTH CIRCUIT**

BILLY EUGENE MARSHALL,

              Plaintiff - Appellant,

    v.

LARRY FIELDS, GARY D.
MAYNARD, Warden; ANITA
TRAMMEL, MICHAEL CRAIN, JERRY
RICHARD, DELORES RAMSEY;
SECURITY MAJOR VIEUX, DARRELL
EPPERLY, BOBBY BOONE,

              Defendants - Appellees.

Nos. 95-5212 & 95-5266
(D. Ct. No. 94-C-1069-B)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is

therefore ordered submitted without oral argument.

This appeal is from an order of the district court dismissing pro se appellant's civil

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders
and judgments; nevertheless, an order and judgment may be cited under the terms and conditions
of 10th Cir. R. 36.3.

rights action brought pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated during administrative disciplinary procedures that are alleged to have occurred in 1991 and 1992. Appellant appeals on the grounds that the district court erred in finding that appellant's claims are barred by the statute of limitations. We affirm.

Construing appellant's complaint and all of the pleadings filed on appeal liberally, as we must, appellant alleges that appellees violated his constitutional rights through a series of disciplinary actions and proceedings that occurred during the years 1991 and 1992. In this appeal, appellant alleges that the district court erred in finding that the statute of limitations had run because the collateral consequences of the disciplinary actions taken at that time continue to impact appellant. We have reviewed appellant Marshall's brief, the pleadings, and the district court's order, as well as the entire record on appeal. We agree with the district court that the applicable statute of limitations is the Oklahoma statute of limitation for personal injury actions, which is two years. Based upon our review of this record, we find no error in the determination of the district court that all of the actions alleged by appellant occurred outside the two-year statute of limitations period and are therefore barred. We **AFFIRM** the dismissal of the action.

The mandate shall issue forthwith.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Circuit Judge

- 2 -